IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ALGHADEER BAKERY & MARKET, INC., on behalf of itself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> WORLDPAY US, INC., <br><br> Defendant. | CIVIL ACTION <br><br> NO. 1:16-cv-03627-MLB |
| ACEBEDO & JOHNSON, LLC, IDL QUAD GROUP, LLC, and MEDICAL LEGAL CONSULTANTS OF GREATER ATLANTA, LLC, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> WORLDPAY US, INC., <br><br> Defendant. | CIVIL ACTION <br><br> NO. 1:18-cv-02688-MLB |

**FINAL ORDER AND JUDGMENT**

This matter is before the Court on the unopposed (1) Motion for Final Approval of Class Settlement and Certification of Settlement Class and (2)

Motion for Attorneys' Fees, Expenses, and Service Awards filed by Plaintiffs and class counsel. The Court has reviewed all of the filings and evidence related to the settlement and received testimonial submissions and briefing on the motions. Having considered the written submissions, and after oral argument at a hearing on June 3, 2020, the Court hereby **GRANTS** the motions as follows:

## Background

1. Defendant provides payment processing services to merchants.

2. Plaintiffs allege Defendant induced contractual relationships by failing to disclose fees it knew merchants would pay for its services and then subsequently breached the contract by increasing and adding new fees in violation of the terms and the implied covenant of good faith and fair dealing. They seek to recover the alleged overcharges on behalf of themselves and a national class of other merchants, asserting claims for breach of contract and unjust enrichment and, in the *Acebedo* action, further assert a claim for fraudulent inducement. Defendant denies Plaintiffs' allegations in both actions and contends the claims have no merit.

3. The *Alghadeer* action was originally filed in state court on August 26, 2016. After removal and an initial motion to dismiss was filed, the complaint was amended and the Court entertained a motion to dismiss the amended

complaint. The Court dismissed Plaintiff Alghadeer Bakery's owner for lack of standing and ordered limited discovery, which the parties took.

4. Defendant answered and thereafter sought partial summary judgment on Alghadeer Bakery's claims that several provisions of the contract were unenforceable and that Defendant had been unjustly enriched.

5. While this motion was pending, the parties took substantial individual and class discovery, consisting of multiple sets of written discovery, document subpoenas, and the exchange of nearly 50,000 pages of documents.

6. Additionally, Plaintiffs Acebedo, IDL Quad, and Medical Legal Consultants filed the *Acebedo* action. The parties met and conferred and agreed to coordinate discovery in the two actions. Defendant also moved to dismiss the fraudulent inducement claim in *Acebedo* for failure to state a claim.

7. On October 16, 2018, the Court granted Defendant's motion for partial summary judgment against Alghadeer Bakery. At the parties' request, the Court stayed the cases to allow for mediation with Atlanta mediator Hunter Hughes.

8. Over the next several months Defendant produced voluminous documents and data to Plaintiffs and their expert so that class damages could be estimated. The mediation was unsuccessful but the parties agreed to continue to

negotiate with the assistance of Mr. Hughes. After additional data was produced and reviewed by the parties' experts, the parties reached a memorandum of understanding on a class settlement.

9. This understanding was subsequently reduced to a settlement agreement and release ("settlement"), for which the parties sought preliminary approval. On January 10, 2020, following a hearing, the Court preliminarily certified the proposed settlement class, issued preliminary approval of the proposed settlement, and instructed that notice be distributed to the proposed class members. *See* Preliminary Approval Order (Dkt. 79 in Case No. 16-cv-3627-MLB; Dkt. 30 in Case No. 18-cv-2688-MLB).

10. Notice was then distributed to the 294,062 members of the class in accordance with the Preliminary Approval Order. The Motion for Final Approval of Class Settlement and Certification of Settlement Class and Motion for Attorneys' Fees, Expenses, and Service Awards were filed by Plaintiffs on April 27, 2020. No objections to the settlement or the motions were filed before the May 11, 2020 deadline.

## Settlement Terms

11. The settlement establishes a settlement fund of $15 million, which will be used to pay cash benefits to class members, costs of notice and

administration, attorneys' fees and expenses, and service awards. All class members are eligible to receive a cash payment if they file a simple claim form.

12. The amount of the cash payments is calculated pursuant to the allocation formula attached as Exhibit 1 to the settlement. If the total of the cash claimed by settlement class members, costs of notice and administration, attorneys' fees and expenses, service awards, and any taxes is less than $10 million, then the difference between the total of all of those amounts and $10 million will be distributed *pro rata* to settlement class members filing claims. If the total of all of those amounts is equal to or more than $10 million, any money remaining in the settlement fund after payment of all obligations will be returned to Defendant.

13. The settlement also requires Defendant to amend the terms and conditions applicable to current customer class members' contracts as follows: (a) prior to increasing or adding any non-pass-through fees, Defendant will notify affected customers via statement message at least 30 days prior to the effective date of such increase or addition; (b) any applicable early termination fee will be waived in the event of termination of the agreement by a customer within 60 days of an increase in (or new) non-pass-through fees *and* all statement messages advising of such fee increases must remind customers of this right; (c) customers will be permitted to dispute fees on their statements within 60 days from receipt or

availability of their statements; and (d) the prevailing party in any dispute between customers and Defendant shall be entitled to recover their attorneys' fees.

14. In conjunction with the settlement, the class will release Defendant from all claims that were or could have been raised in this case. Class members specifically retain all rights to challenge invoices sent by Defendant after the date of preliminary approval. In turn, Defendant will release class members from any potential liability for payment of Defendant's attorneys' fees and expenses incurred in defending this case.

## Class Notice

15. Based on the declarations of Jay Geraci, the Court finds that that class members have been individually notified of the settlement pursuant to the plan approved by the Court, with 95% of these notices being successfully delivered. The Court further finds that the notice program constituted the best practicable notice to the class under the circumstances and fully satisfies the requirements of due process, including Fed. R. Civ. P. 23(e)(1) and 28 U.S.C. § 1715. Accordingly, the Court has jurisdiction over all class members for purposes of the settlement.

## Merit of Settlement

16. After considering the requirements of Rule 23(e), the Court finds

that the settlement is fair, reasonable, and adequate. Indeed, based on the well-developed record, the Court finds that the class has received excellent representation from both Plaintiffs and class counsel; the settlement was reached at arm's length without collusion or fraud; and the settlement treats class members equitably relative to one another. The Court also finds that the relief provided by the settlement is appropriate given (a) the complexity, expense, and likely duration of the litigation without the settlement, (b) the range of recovery if the case were to be tried, (c) the large amount of formal and informal discovery taken, (d) the uncertain likelihood of Plaintiffs' success on the merits, (e) the terms of the proposed award of attorney's fees, (f) the terms of the parties' agreements, (g) the factually-supported opinions of class counsel, Hunter Hughes, and Michael Bowers, (h) the well-reasoned methodologies of distributing relief to class members and processing claims, and (i) the fact that not a single class member has objected to the settlement.

17.   The Court hereby finally approves in all respects the settlement and finds that the settlement's terms for allocating and distributing the settlement fund are in all respects fair, reasonable, and adequate, and are in the best interests of the class.

## Certification of Settlement Class

18.    The Court hereby certifies, for settlement purposes only, the following class:

> All ISO and SBU merchants that entered into a payment card processing service contract with Defendant Worldpay US, Inc. and paid one or more of the Subject Fees between August 26, 2010, and January 10, 2020.[1]

Excluded from the settlement class are Defendant; parent companies, subsidiaries, or affiliates of Defendant; any entity in which Defendant has a controlling interest; Defendant's counsel; the Court and any employees of the Court; and the legal representatives, heirs, successors, and assigns of any such excluded party.  Also excluded are those who properly excluded themselves from the class.  A list of those who properly excluded themselves is attached as Exhibit A.

19.    The Court specifically determines that, for settlement purposes only, the class meets all the requirements of Federal Rule of Procedure Rule 23(a) and

---

[1] "Subject Fees" shall refer to any of the following fees/rates:  annual fees; annual compliance service fees; 1099k IRS Reporting fees; PCI non-validation or non-compliance fees; PCI program fees; minimum processing fees; administrative fees; access fees; batch header fees; PAYware Mobile fees; Visa, MasterCard, American Express, or Discover per transaction fees; cost-plus or tiered pricing fees or charges for Visa, MasterCard, American Express, or Discover card transactions; fees or charges set or assessed by payment networks (including, without limitation, interchange, Visa fixed acquirer network fees, and MasterCard location fees); early termination fees; or fees increased, added, or amended from what is reflected in the merchant application.

(b)(3), namely that the class is so numerous that joinder of all members is impractical; that there are common issues of law and fact; that the claims of the class representatives are typical of absent class members; that the class representatives and class counsel have and will fairly and adequately protect the interests of the class; that common issues predominate over any individual issues; and that a class action is the superior means of adjudicating the controversy.[2]

20. Plaintiffs Alghadeer Bakery & Market, Inc., Acebedo & Johnson, LLC, IDL Quad Group, LLC, and Medical Legal Consultants of Greater Atlanta, LLC have adequately represented the settlement class and are appointed as settlement class representatives.

21. E. Adam Webb and Matthew C. Klase have adequately represented the settlement class and are appointed as class counsel.

### Attorneys' Fees, Expenses, and Service Awards

22. <u>Attorneys' Fees.</u> The Court hereby grants to class counsel a fee in the amount of $5,000,000, which the Court finds to be fully supported by the facts, the record, and the applicable law. This amount shall be paid from the settlement fund.

---

[2] The Court acknowledges that Plaintiffs did not move to certify the class outside the context of settlement and, thus, Defendant has not had the opportunity to oppose a contested class certification.

23. The Court finds that the parties' agreement with regard to the payment of fees was not negotiated while they were negotiating the other terms of the settlement agreement and that the agreement was not the product of collusion or fraud. In fact, the amount of attorneys' fees to be paid was negotiated only after the other terms of the settlement had been agreed upon. The agreed-upon fee is warranted as it is reasonable under the applicable facts and law.

24. The requested fee is justified under the percentage of the common fund approach adopted by the Eleventh Circuit in *Camden I Condominium Ass'n, Inc. v. Dunkle,* 946 F.2d 768 (11th Cir. 1991). The fee represents one-third of the $15 million cash settlement fund, which the Court finds to be reasonable and consistent with awards in similar cases in this Circuit. *E.g., Muransky v. Godiva Chocolatier, Inc.*, 922 F.3d 1175, 1195-96 (11th Cir. 2019) (affirming one-third); *Waters v. Int'l Precious Metals Corp.,* 190 F.3d 1291, 1292-98 (11th Cir 1999) (same); *George v. Academy Mortgage Corp. (UT)*, 369 F. Supp. 3d 1356, 1383 (N.D. Ga. 2019) (awarding one-third); *Champs Sports Bar & Grill Co. v. Mercury Payment Sys., LLC*, 275 F. Supp. 3d 1350, 1356 (N.D. Ga. 2017) (same); *Wolff v. Cash 4 Titles*, 2012 WL 5290155, *5-6 (S.D. Fla. Sept. 26, 2012) (noting that fees in the Eleventh Circuit are "roughly one third").

25. In approving the requested fee, the Court has carefully considered the

factors listed in *Camden I,* including the time and labor involved; the questions and difficulty of the questions involved; the skill needed to perform the services properly; the preclusion of other employment; the customary fee; the fact that the fee was entirely contingent on a successful outcome; the time limitations imposed by the circumstances; the amount involved and the results obtained; the experience, reputation and ability of the attorneys; awards in similar cases; the objections by class members; the risks undertaken by class counsel; the economics involved in prosecuting class actions; and the other relevant circumstances. The record shows that these factors support the requested fee.

26.  <u>Expenses.</u>  The Court hereby grants to class counsel the requested expense reimbursement of and expenses in the amount of $44,396.96, which the Court finds to be fully supported by the settlement, the facts, the record, and the applicable law. *E.g.*, *Mills v. Electric Auto-Lite Co.*, 396 U.S. 375, 391-92 (1970). This amount shall be paid from the settlement fund.

27.  <u>Service Awards.</u>  The settlement provides that each of the class representatives is to receive $10,000 for their service on behalf of the class. *Mercury Payment*, 275 F. Supp. 3d at 1356. The Court finds that payment of these service awards is warranted and approved in this case in light of the class representatives' work on behalf of the class and the risks they took in bringing

11

these actions.

## Releases

28. Pursuant to, and as more fully described in Section XII of the settlement, on the effective date, the releasing parties shall be deemed to have and, by operation of this final order and judgment shall have, fully and irrevocably released and forever discharged the released parties from the claims identified in paragraph 72 of the settlement. The release does not affect any right of the releasing parties to contest for any reason any invoice sent by Defendant after January 10, 2020, the date of preliminary approval. In addition, on the effective date, Defendant shall be deemed to have and, by operation of this final order and judgment shall have, fully and irrevocably discharged the Plaintiff released parties for payment of Defendant's attorneys' fees and expenses incurred in defending this action. The terms capitalized in this paragraph have the same meaning ascribed to them in the settlement.

## Dismissal and Final Judgment

29. The Court hereby DISMISSES these actions WITH PREJUDICE as against the named Plaintiffs, all members of the class, and Defendant. The parties shall bear their own costs except as provided by the settlement.

30. No class representative or settlement class member, either directly,

representatively, or in any other capacity (other than a settlement class member who validly and timely elected to be excluded from the settlement class), shall commence, continue, or prosecute any action or proceeding in any court or tribunal asserting any of the claims that have been released under the settlement, and they are hereby permanently enjoined from so proceeding.

31.  By reason of the settlement, and there being no just reason for delay, the Court hereby **ENTERS FINAL JUDGMENT** in this matter, which the clerk of Court is **DIRECTED** to immediately enter.

32.  Without affecting the finality of this judgment, the Court retains continuing and exclusive jurisdiction over all matters relating to the administration, consummation, enforcement, and interpretation of the settlement and of this final order and judgment, to protect and effectuate this final order and judgment, and for any other necessary purpose.  The class representatives, Defendant, and each member of the settlement class are hereby deemed to have irrevocably submitted to the exclusive jurisdiction of this Court, for the purpose of any suit, action, proceeding, or dispute arising out of or relating to the settlement, including the exhibits thereto, and only for such purposes.  Without limiting the generality of the foregoing, and without affecting the finality of this final order and judgment, the Court retains exclusive jurisdiction over any such

13

suit, action, or proceeding. Solely for purposes of such suit, action, or proceeding, to the fullest extent they may effectively do so under applicable law, the parties hereto are deemed to have irrecoverably waived and agreed not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of this Court, or that this Court is, in any way, an improper venue or an inconvenient forum.

### Use of this Order

33. That the parties have reached a settlement and participated in proceedings related to the settlement should not be (a) offered or received as evidence of a presumption, concession, or an admission by any party, (b) offered or received as evidence of a presumption, concession, or any admission of any liability, fault, wrongdoing, or other dereliction of duty; provided, however, that reference may be made to the settlement as may be necessary to effectuate or enforce its provisions.

34. In the event that the settlement does not become effective according to its terms, this order and final judgment shall be rendered null and void as provided by the settlement, shall be vacated, and all orders entered and releases delivered in connection with the settlement shall be null and void to the extent provided by and in accordance with the settlement.

## Conclusion

35. For the reasons set forth herein, the Court hereby (a) **GRANTS** final approval of the settlement; (b) **CERTIFIES** the settlement class pursuant to Fed. R. Civ. P. 23(b)(3) and (e); (c) finds the class notice satisfied the requirements of Rule 23, due process, and all other legal requirements; (d) approves the requests for attorneys' fees of $5,000,000, expenses of $44,396.96, and service awards of $10,000 for each class representative; (e) **DISMISSES** these actions **WITH PREJUDICE** as to all parties and the members of the class; and (f) **ENTERS FINAL JUDGMENT**. The parties and the settlement administrator are directed to carry out the settlement according to its terms.

**SO ORDERED** this 3rd day of June, 2020.

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE

# **EXHIBIT**

# **A**

*Alghadeer Bakery and Market, Inc. v. Worldpay US, Inc.*, **N.D. Ga. and** *Acebedo & Johnson, LLC, et al. v. Worldpay US, Inc.*, **N.D. Ga.**
Civil Action File No. 1:16-cv-03627-MLB
Civil Action File No. 1:18-cv-02688-MLB

**Requests for Exclusions**

| Exclusion Requests | |
| --- | --- |
| ClaimID | Name |
| 10206700401 | PREMIER FOOD CONCEPTS LLC |
| 10174109101 | MO GRIP |
| 10148234601 | LAMPMAN LAW |